# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JESSICA LYNN GRIECO,

        Petitioner,         :         Case No. 3:21-cv-193

  - vs -                               District Judge Thomas M. Rose
                                       Magistrate Judge Michael R. Merz

TERI BALDAUF, Warden,
  Ohio Reformatory for Women,

                                    :
        Respondent.

# ORDER

      This habeas corpus case, brought *pro se* by Petitioner Jessica Grieco to obtain relief from her convictions in the Montgomery County Court of Common Pleas for involuntary manslaughter and domestic violence, is before the Court for initial review upon filing pursuant to Rule 4 of the Rules Governing § 2254 Cases ("Habeas Rules"). The case has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and the Dayton General Order of Assignment and Reference (General Order Day 13-01).

**Initial Review**

      Upon preliminary consideration pursuant to Rule 4, the Court finds that it does not plainly appear from the face of the Petition and any exhibits attached thereto that the Petitioner is not entitled to relief in this Court. Accordingly, it is hereby ORDERED that Respondent shall, not

later than September 20, 2021, file an answer conforming to the requirements of Rule 5 of the Rules Governing § 2254 Cases. Specifically, said answer shall respond to each allegation made in the Petition, comply with Rule 5(c) regarding transcripts, raise any affirmative defense relied on by Respondent, and state whether, from Respondent's perspective, any claim in the Petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations.

This Order does not authorize a motion to dismiss in lieu of an answer. If Respondent wishes to obtain an adjudication of an affirmative defense apart from a decision on the merits, Respondent may file a motion for judgment on the pleadings after the answer is filed.

Before filing the answer, the Respondent shall file those portions of the state court record needed to adjudicate this case. The Court's CM/ECF Procedures Guide provides:

> 1.1 Unless permitted by these procedures or otherwise authorized by the assigned Judicial Officer or other rule, all documents submitted for filing in this District shall be electronically filed using the Case Management/Electronic Case Filing system ("CM/ECF") by converting each document into a searchable text PDF document and uploading it into CM/ECF.

(June, 2019, revision; available at www.ohsd.uscourts.gov.) Compliance with this rule is mandatory and needed for the Court's use of the record.

When the record is filed electronically, the Court's CM/ECF filing system will affix a unique PageID number to each page of the record, displayed in the upper right-hand corner of the page. All papers filed in the case thereafter by either party shall include record references to the PageID number. Prior to filing the state court record, the Warden's counsel shall ensure that any borders on parts of the record (typically, court reporter transcripts) do not obscure the PageID number when the page is filed. The record shall be indexed by insertion of "bookmarks" in the .pdf version of the state court record uploaded to the Court's CM/ECF system which display each

exhibit and the name of that exhibit in the record.

As required by Fed.R.Civ.P. 5, a complete copy of the answer and state court record with the PageID numbers and "bookmarks" must be served on Petitioner at the time of filing.

Petitioner may, not later than twenty-one days after filing of the answer, file and serve a reply to the answer.

The Clerk is ordered to serve the Petition on Respondent and the Attorney General of Ohio, Habeas Corpus Unit of the Corrections Litigation Section c/o Brian.Higgins@ohioattorneygeneral.gov and Habeas.docketclerk@ohioattorneygeneral.gov.

**Number of Copies**

The case is also before the Court on Petitioner's Motion to be allowed to submit a reduced number of copies of papers she files in this case (ECF No. 6). That request is denied as moot. When Petitioner files a paper with the Court, it will automatically be electronically served on whichever Assistant Attorney General enters an appearance to defend the case and Petitioner need not serve the Attorney General by mail. The Court requires only the filed original which will be scanned and docketed by the Clerk.

**Appointment of Counsel**

Petitioner also moves the Court to appoint counsel to represent her in this case. Under 18 U.S.C. § 3006A, the Habeas Rules, and the Court's Criminal Justice Act Plan, appointment of counsel in non-capital habeas corpus cases is required only if an evidentiary hearing is ordered in

3

the case. Because of scarce resources, the Court is unable to appoint counsel in other habeas cases. Accordingly, the Motion for Appointment of Counsel (ECF No. 5) is DENIED without prejudice to its renewal if an evidentiary hearing is ordered.

**Expansion of the Record**

Petitioner also moves to supplement the record with unspecified materials including "affidavits and other evidence." (ECF No. 7) The initial obligation to file the State Court Record is on Respondent as provided earlier in this Order. Once that record is filed, Petitioner may move to supplement it, but at this time her motion is premature and is DENIED. If Petitioner renews her motion after the State files the record, Petitioner must include with the renewed motion any materials she wishes to have added to the record. To put the matter differently, the Court will not approve adding material to the record without first having seen what it is, rather than having it described by category (e.g. "affidavits").

Petitioner should be aware that the ability of this Court to consider evidence not before the state courts is severely limited by 28 U.S.C. § 2254(d)(2) and *Cullen v. Pinholster*, 563 U.S. 170 (2011).

**Discovery**

Petitioner also moves the Court to grant her the right to conduct discovery in this case (ECF No. 8). Like the request to supplement the record, this request for discovery is quite general; it does not say what form of discovery Petitioner wishes to use (i.e., interrogatories, requests for

4

documents, etc.) or from which specific persons discovery would be requested.  In its present form the request for discovery is DENIED without prejudice to its renewal with the specifics that Petitioner has not yet furnished.  Petitioner should be aware that the same restrictions of evidence not presented to the state courts adopted in *Pinholster, supra,* also apply to materials obtained in discovery.

Petitioner does make one specific request which should be addressed now.  She asks that she be provided with a transcript of the grand jury proceedings in this case.  Respondent must, in the Return of Writ, state whether those proceedings have already been transcribed and whether Respondent opposes producing them to Petitioner.  If Respondent opposes producing the grand jury transcript, Petitioner may reply separately to that portion of the Return not later than fourteen days after it is filed.

July 20, 2021.

s/ *Michael R. Merz*<br>United States Magistrate Judge