# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JESSICA LYNN GRIECO,

        Petitioner,     :     Case No. 3:21-cv-193

- vs -     District Judge Thomas M. Rose
     Magistrate Judge Michael R. Merz

TERI BALDAUF, Warden,
  Ohio Reformatory for Women,

     :

        Respondent.

## DECISION AND ORDER DENYING BOND

This habeas corpus case is before the Court on the Petitioner's Motion for Bond Pending Review of Habeas Corpus (ECF No. 24). A district court has authority to enlarge a state prisoner pending determination of his or her petition for writ of habeas corpus under 28 U.S.C. § 2254. *Aronson v. May*, 85 S. Ct. 3, 13 L. Ed. 2d 6 (1964). However, it is appropriate to exercise that authority only upon a showing that a petitioner's claim is both substantial and clear on the merits. *Glynn v. Donnelly*, 470 F.2d 95 (1st Cir. 1972); *Calley v. Callaway*, 496 F.2d 701 (5th Cir. 1974).

> In order to receive bail pending a decision on the merits, prisoners must be able to show not only a substantial claim of law based on the facts surrounding the petition but also the existence of "some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice." *Aronson v. May*, 85 S.Ct. 3, 5, 13 L.Ed.2d 6, 9 (1964) (Douglas, J., in chambers); see *Martin v. Solem,* 801 F.2d at 329-330; *Iuteri v. Nardoza,* 662 F.2d at 161. There will be few occasions where a prisoner will meet this standard.

*Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990).

Petitioner argues she should be released on her own recognizance because fellow prisoners are harassing her and interfering with her ability to conduct this litigation. That is not apparent from the face of the docket, which shows that Petitioner has filed ten motions since filing her Petition.

Petitioner's claims were sufficiently substantial to cause the Court to order the Warden to answer the Petition. But the Warden's deadline for doing so, September 20, 2021, has not yet expired and the Court cannot determine how truly substantial Petitioner's claims may be until allowing the State to be heard. Certainly Petitioner's case is not yet clear on the merits, particularly since she pleaded guilty to the charge on which she is now committed.

Petitioner has not met the standard for release on bond announced in *Dotson, supra*. Her Motion for Release on Bond is therefore DENIED.

September 14, 2021.

s/ *Michael R. Merz*<br>United States Magistrate Judge