# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JESSICA LYNN GRIECO,

        Petitioner,        :        Case No. 3:21-cv-193

  - vs -                       District Judge Thomas M. Rose
                                Magistrate Judge Michael R. Merz

TERI BALDAUF, Warden,
  Ohio Reformatory for Women,

                               :
        Respondent.

## DECISION AND ORDER

       This habeas corpus case is before the Court on the following filings by Petitioner:  (1) Reply to State's opposition to discovery (ECF No. 31); (2) Motion for Evidentiary Hearing (ECF No. 32); (3) Traverse (ECF No. 33); and (4) Motion to Hold Traverse in Abeyance (ECF No. 34). Also pending is Petitioner's Motion to Compel (ECF No. 22).

       Petitioner's filings do not strictly follow the pleading rules for habeas corpus cases, but as a *pro se* litigant she is entitled to a liberal construction of her pleadings.  *Haines v. Kerner*, 404 U.S. 519 (1972); *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).  The Magistrate Judge will therefore read these four virtually simultaneous filings together and respond to their substance, regardless of the label under which they were docketed.

       Pleadings in a habeas corpus case ordinarily consist of a petition, an answer accompanied by the State Court Record, and a reply.  Traditionally the answer was labeled "return of writ" and the reply was labeled "traverse"; those traditional labels are still often used in habeas practice.

Note, for example, that Respondent has labeled its pleading Answer/Return of Writ (ECF No. 27), but docketed the pleading as "Return of Writ."

On September 20, 2021, the Magistrate Judge notified Petitioner that Respondent had filed the Return that day and Petitioner's Reply was therefore due by October 14, 2021 (Notice, ECF No. 28, applying Order for Answer, ECF No. 9). On Petitioner's Motion (ECF No. 29), the Magistrate Judge has extended that deadline to November 5, 2021 (ECF No. 30). All the currently pending matters have been filed by Petitioner since September 20, 2021.

**Standard for Discovery in Habeas Corpus**

A habeas petitioner is not entitled to discovery as a matter of course, but only upon a fact-specific showing of good cause and in the Court's exercise of discretion. Rule 6(a), Rules Governing § 2254 Cases; *Bracy v. Gramley*, 520 U.S. 899 (1997); *Harris v. Nelson*, 394 U.S. 286 (1969); *Byrd v. Collins*, 209 F.3d 486, 515-16 (6th Cir. 2000). Before determining whether discovery is warranted, the Court must first identify the essential elements of the claim on which discovery is sought. *Bracy*, 520 U.S. at 904, *citing United States v. Armstrong*, 517 U.S. 456, 468 (1996). The burden of demonstrating the materiality of the information requested is on the moving party. *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001), *cert. denied,* 537 U.S. 831 (2002), *citing Murphy v. Johnson,* 205 F.3d 809, 813-15 (5th Cir. 2000). "Even in a death penalty case, 'bald assertions and conclusory allegations do not provide sufficient ground to warrant requiring the state to respond to discovery or require an evidentiary hearing.'" *Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003), *cert. denied,* 543 U.S. 842 (2004), *quoting Stanford*, 266 F.3d at 460.

Rule 6 does not "sanction fishing expeditions based on a petitioner's conclusory

allegations." *Williams v. Bagley,* 380 F.3d 932, 974 (6th Cir. 2004), *cert. denied,* 544 U.S. 1003 (2005), *citing Rector v. Johnson*, 120 F.3d 551, 562 (5th Cir. 1997); *see also Stanford*, 266 F.3d at 460. "Conclusory allegations are not enough to warrant discovery under [Rule 6]; the petitioner must set forth specific allegations of fact." *Williams,* 380 F.3d at 974*, citing Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994).

**Grand Jury Transcript**

Petitioner requests first of all the transcript of grand jury testimony in the underlying case and video footage from Deputy Schaeublin's cruiser camera (Discovery Reply, ECF No. 31, PageID 1042). She contends the transcript will show unspecified violations of her due process and equal protection rights, as well as prosecutorial misconduct and perjury by Deputy Godsey. *Id.* at PageID 1043. She asserts that the transcripts are being sought for use in a judicial proceeding, to wit, this case, and "will show a culture within the Montgomery County Judicial System of using falsified documents, inadmissible evidence, known false testimony and violations of civil and constitutional rights in order to secure charges against U.S. citizens." *Id.* at PageID 1045.

In her Motion for Evidentiary Hearing she asserts a hearing is necessary to examine the circumstances surrounding her guilty plea to determine that it was involuntary (ECF No. 32, PageID 1051). She claims her trial attorney provided ineffective assistance of trial counsel, contributing to the involuntariness of her plea, and Judge Langer unreasonably determined not to replace him. *Id.* at PageID 1054.

Petitioner's document filed as "Traverse" (ECF No. 33) is structurally appropriate to be

considered as a traverse to the Return of Writ because it responds to the arguments and defenses made in the Return.

However, in her Request to Hold Traverse in Abeyance (ECF No. 34), Petitioner asks that the Court delay considering the merits of her case until the State "properly files the complete court record for this case" and until the motions for discovery and evidentiary hearing are decided. *Id.* at PageID 1099).

On October 4, 2021, the Respondent supplemented the record by filing additional transcripts of: (1) a November 17, 2017, evidentiary hearing on "a motion to dismiss indictment or alternatively to compel grand jury [transcripts]"; (2) the hearings of March 9, 2018; March 15, 2018; October 22, 2018; and November 29, 2018, on the motions to suppress, the plea colloquy, and sentencing; and (3) the August 15, 2018, hearing on Petitioner's request for a new attorney and a new investigator (ECF No. 35). These filings render moot Petitioner's request that "the complete [state] court record" be filed insofar as that request refers to transcripts of state court proceedings. Respondent indicated in the Return that these are "the transcripts that would have been filed in the direct appeal." (ECF No. 27, PageID 1008, note 1).

Respondent opposes discovery of the grand jury proceedings:

> As to Grieco's motion for transcripts of the grand jury proceedings, Respondent's counsel does NOT believe the grand jury proceedings have been transcribed, but has requested confirmation from the Montgomery County Clerk of Court's Office. Respondent will update once Respondent's counsel receives information from the court. Additionally, grand jury proceedings are traditionally kept secret. "[T]he proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings." *United States v. Sells Engineering, Inc.,* 463 U.S. 418, 424 (1983) (quoting *Douglas Oil Co. v. Petrol Stops Northeast*, 441 U.S. 211, 218-19 (1979). In the absence of some showing of relevance to one of the pending claims and materiality, the request to discover grand jury proceedings and then to make them public by including them in the record should be denied.

*Id.*

On August 10, 2017, Petitioner through counsel filed a Motion to Dismiss the Indictment or, Alternatively, to Compel [production of a transcript or video of] Grand Jury Testimony (State Court Record, ECF No. 26, Ex. 11).  She supplemented that Motion on October 31, 2017, with a Motion to Compel Disclosure of the Grand Jury Members, or, in the Alternative, to Compel Disclosure of the Grand Jury Voting Sheet. *Id.* at Ex. 12.  Judge Langer conducted a hearing on those motions on November 17, 2017, the transcript of which has now been filed (ECF No. 35).  On January 5, 2018, he filed a Decision and Entry overruling those Motions upon a finding that the testimony of the grand jury forelady was completely credible. *Id.* at Ex. 14.

When Petitioner appealed with new counsel, she made a claim issue relating to denial of the grand jury voting record (Appellant's Brief, State Court Record, ECF No. 26, Ex. 33).  However she did not raise as an assignment of error Judge Langer's failure to dismiss the indictment on the basis of grand jury irregularities. *Id.* at PageID 417.  Consequently, the Second District adverted to the hearing on the motion to dismiss indictment only in passing in dealing with Grieco's claim that her guilty plea was involuntary because of ineffective assistance of counsel. *State v. Grieco*, 2020-Ohio-6956, ¶ 10 (2nd Dist. Dec. 30, 2020).

Petitioner did not raise the claim of improper indictment in her Petition for Post-Conviction Relief under Ohio Revised Code § 2953.21 (State Court Record, ECF No. 26, Ex. 44).  On January 26, 2021, Petitioner filed an Application to Reopen the direct appeal (State Court Record, ECF No. 26, Ex. 83).  Among her omitted assignments of error was the failure to appellate counsel to accuse trial attorney Lachman of ineffective assistance of trial counsel for not preventing the use of Deputy Godsey's incident report in obtaining the indictment. *Id.* at PageID 940.  The Second District rejected this claim, holding:

> The actions of trial counsel are not properly the subject of an application to reopen. Further, based upon the record properly before us, there is no evidence to conclude the subject incident report was incorrect. And there is no evidence upon which we can conclude trial counsel had reason to believe either Godsey or the prosecutor acted improperly. Thus, we find this claim lacks merit.

(Decision and Entry, *State v. Grieco*, State Court Record, ECF No. 26, Ex. 84, PageID 983.)

Petitioner's two Grounds for Relief in the Petition which relate to the claim of invalid indictment are:

> **Ground Seven**: Petitioner's indictment was obtained by illegal means, making the proceedings plea and sentence a nullity; in violation of Ms. Grieco's 4th, 5th, 6th, and 14th Amendment rights.
>
> **Supporting Facts:** The police committed misconduct, and violated State, and federal law in the collection of evidence in this case. Evidence was tampered, and never submitted. Police reports were falsified. Prosecutors submitted falsified report (s), and evidence gathered by the same Deputy (Brian Godsey); who tampered evidence at the beginning of the investigation of this case. The indictment in this case is invalid. The plea in this case is not a valid plea.
>
> **Ground Nine:** Prosecutors presented all evidence gathered by Deputy Godsey, that he had collected after the original evidence tampering had occurred. This inadmissible evidence was submitted to the Grand Jury for the purposes of obtaining an indictment, and was leveraged against petitioner throughout the duration of her case. This violated petitioner's 5th + 14th Amendment right to due process, and her 6th Amendment right to a fair trial; and resulted in an unknowing involuntary plea.
>
> **Supporting Facts:** Falsified report, questionable evidence, lies, misconduct were perpetuated upon the Court to obtain an indictment, and leverage this case, resulting in an involuntary plea.

From this review of the State Court Record, the Magistrate Judge concludes that the issue presented to Judge Langer regarding the grand jury was the claim that the forelady had not signed the true bill indicting Petitioner. No claim was made that the indictment was invalid because the State had presented Deputy Godsey's allegedly false incident report to the grand jury. Judge Langer decided that issue on the basis of the evidence before him – the testimony of the forelady

– and that decision had not been claimed as error at any later stage of the case. Any claim that the indictment was invalid because not signed by the foreperson is precluded by Petitioner's failure to raise it on direct appeal.

Petitioner's claim that she was indicted on false evidence – Deputy Godsey's incident report -- and that it was prosecutorial misconduct to present that report to the grand jury is procedurally defaulted by her failure to make that claim in the trial court. As the record makes clear, it was not a transcript of grand jury testimony that was sought on the Motion to Dismiss, but rather the record of the grand jury votes.

The return of an indictment by a properly constituted grand jury conclusively determines the existence of probable cause, thereby preventing a later claim that state prosecutors acted without probable cause. *Higgason v. Stephens*, 288 F.3d 868 (6th Cir. 2002), *citing Ex parte United States*, 287 U.S. 241, 250 (1932). Once the grand jury returned an indictment in this case, Petitioner was perfectly free to challenge the veracity of Deputy Godsey's incident report or his testimony in conformity with that report at trial, if a trial had been held.

The Supreme Court has determined "the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings." *United States v. Sells Engineering, Inc.*, 463 U.S. 418, 424 (1983)(quoting *Douglas Oil Co. v. Petrol Stops Northeast*, 441 U.S. 211, 218-219 (1979). Cited favorably in *Rehberg v. Paulk*, 566 U.S. 356 (2012). While grand jury secrecy can be set aside when there is a compelling need, Petitioner has not demonstrated such a need here. While she speculates that opening the transcript will show a "culture" of "using falsified documents, inadmissible evidence, known false testimony and violations of civil and constitutional rights in order to secure charges against U.S. citizens," her assertion is just that: speculation. The motion to compel production of the grand jury transcript (ECF No. 22) is DENIED.

**Video Footage from Cruiser Camera**

Petitioner also seeks to discover video footage from Deputy Schaeublin's cruiser camera because she says it will prove the falsity of Deputy Godsey's report that a "medic approached the cruiser." (Discovery Reply, ECF No. 31, PageID 1042). She claims defense counsel, the prosecutor, and Common Pleas Judge Langer all viewed this footage. *Id.* at PageID 1046.

Petitioner has not identified any claim made in her Petition which the video footage would support. It seems to be here claim that the actual footage (which she does not herself claim to have seen) would show that no medic actually approached the cruiser. If the case had gone to trial, presumably she would have testified to this and she speculates the video would have supported her claim. But she did not go to trial and the video footage was instead marked as State's Exhibit 3 at the motion to suppress hearing (See ECF No. 35, PageID 1161). Deputy Schaeublin testified he turned the video off when he arrived at the scene. *Id.* at PageID 1202. Hence Petitioner has not shown the content of the video would have any relevance to any of her claims.

The motion for discovery of the video footage is therefore denied.

**Motion for Evidentiary Hearing**

Petitioner's instant Motion for Evidentiary Hearing (ECF No. 32) is her fourth in this case; the previous motions are at ECF No. 14, 18, and 20. In denying the first of them, the Magistrate Judge held *Cullen v. Pinholster*, 563 U.S. 170 (2011), barred such a hearing and denied the Motion without prejudice to its renewal if Petitioner could satisfy the *Pinholster* standard (Decision, ECF

No. 17, PageID 200). She has failed to do so in any of her subsequent motions for evidentiary hearing (See ECF Nos. 19, 21). She most recently claims an evidentiary hearing is necessary regarding her claim that her guilty plea was involuntary (ECF No. 32). Pursuant to *Pinholster,* under 28 U.S.C. §§ 2254(d)(1), when addressing a claim that was adjudicated on the merits by the state court, the habeas court's review is limited to the record that was before the state court. *Ballinger v. Prelesnik*, 709 F.3d 558, 561 (6th Cir. 2013); *Bray v. Andrews,* 640 F.3d 731, 737 (6th Cir. 2011). *Pinholster* applies with equal force to 28 U.S.C. § 2254(d)(2) claims. *Trimble v. Bobby,* No. 5:10-CV-00149, 2011 WL 1527323 at *2 (N.D Ohio, Apr. 19, 2011).

Accordingly, Petitioner's fourth motion for evidentiary hearing is denied without prejudice to its renewal if she demonstrates she can meet the *Pinholster* standard.

**Motion to Hold in Abeyance**

In her Motion to Hold Traverse in Abeyance (ECF No. 34), Petitioner asks that the Court delay consideration of the merits of her case until her motions for discovery and an evidentiary hearing have been decided.

Because the Court has now decided both of those motions, the request to delay is MOOT. The Magistrate Judge considers the case ripe for decision.

October 5, 2021.

s/ *Michael R. Merz*<br>United States Magistrate Judge

9