# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JESSICA LYNN GRIECO,

|                | Petitioner, | : | Case No. 3:21-cv-193 |
|---|---|---|---|
| - vs - | | | District Judge Thomas M. Rose |
| | | | Magistrate Judge Michael R. Merz |

TERI BALDAUF, Warden,
  Ohio Reformatory for Women,

|  |  | : |
|---|---|---|
| | Respondent. | |

# REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court for decision on the merits. The relevant pleadings are the Petition (ECF No. 4), the State Court Record (ECF No. 26), the Supplemental Record (ECF No. 35), the Warden's Return (ECF No. 27), and Petitioner's Traverse (ECF No. 33).

**Litigation History**

The July 2017 term of the Montgomery County Grand Jury indicted Grieco on one count of domestic violence in violation of Ohio Revised Code § 2919.25(B) (Count 1), one count of involuntary manslaughter in violation of Ohio Revised Code § 2903.04(A) (Count 2), and one count of reckless homicide in violation of Ohio Revised Code § 2903.041(A) (Count 3), all arising from the March 2017 shooting death of Grieco's fiancé, Peter Underwood. All three counts carried attendant firearm

specifications. (Indictment, State Court Record, ECF No. 26, Ex. 1).

After motion practice, including a denied motion to suppress, and a change of counsel, on October 22, 2018, Grieco waived her former plea of not guilty and entered a plea of guilty to domestic violence (reckless/serious physical harm – one prior conviction) (Count 1) and involuntary manslaughter (Count 2).  At sentencing on November 30, 2018, the Common Pleas Court merged the two counts to which Grieco pleaded guilty.  The State elected to have her sentenced on the manslaughter charge and she was sentenced to eight years imprisonment.

Although Grieco did not timely appeal, the Ohio Second District Court of Appeals allowed her to file a delayed appeal and appointed counsel who filed on her behalf a brief claiming her plea was not voluntary and the trial court abused its discretion in imposing an eight-year sentence (Appellate Brief, State Court Record, ECF No. 26, Ex. 33).  The Second District then affirmed the conviction. *State v. Grieco,* 2020-Ohio-6956 (2nd Dist. Dec. 30, 2020), appellate jurisdiction declined, 163 Ohio St. 3d 1430 (2021).

On October 11, 2019, Grieco filed *pro se* a petition for post-conviction relief under Ohio Revised Code § 2953.21 (Petition, State Court Record, ECF No. 26, Ex. 44).  On May 18, 2020, the Court of Common Pleas granted summary judgment to the State and dismissed the post-conviction petition. *Id.* at Ex. 51.  Grieco appealed, but the Second District affirmed dismissal of the Petition. *State v. Grieco*, 2021-Ohio-735 (2nd Dist. Mar. 12, 2021), appellate jurisdiction declined, 2021-Ohio-1429 (2021).

On December 1, 2020, Grieco filed a Successive Petition for Post-Conviction Relief under Ohio Revised Code § 2953.21 (Successive Petition, State Court Record, ECF No. 26, Ex. 72).  On January 13, 2021, Common Pleas Judge Mary Montgomery dismissed the Successive Petition, essentially on grounds the Common Pleas Court lacked jurisdiction to consider it because Grieco had not met the successive petition requirements of Ohio Revised Code § 2953.23. *Id.* at Ex. 82.

On January 26, 2021, Grieco applied to reopen her direct appeal to raise claims of ineffective

assistance of appellate counsel under Ohio R. App. P. 26(B) (Application, State Court Record, ECF No. 26, Ex. 83). The Second District denied the Application, *Id.* at Ex. 84, and the Supreme Court of Ohio declined to exercise appellate jurisdiction.

Petitioner filed the Petition in this case by depositing it in the prison mail system on July 12, 2021. She pleads the following grounds for relief:

> **Ground One**: Prosecutors represented that Deputy Brian Godsey's report was true, and admissible, when it was not. This was a violation of the Petitioner's 5th and 14th Amendment right to Due Process and Equal Protection. These actions also violated Petitioner's 6th Amendment right to a fair trial.
>
> **Supporting Facts:** Deputy Brian Godsey's report falsley [sic] stated, "A Harrison Medic gave her saline and a towel to wash her hands with." Deputy Godsey's own body microphone transcript proved that Deputy Godsey washed Petitioner's hands off, then never submitted the towel as evidence Petitioner's touch DNA was excluded from the trigger/ trigger guard of the gun involved in this case. No gun shot residue test was done on Petitioner's hands. Petitioner has maintained that she did not pull the trigger on the gun. The victim, Peter Underwood's touch DNA could not be excluded from the trigger/ trigger guard, slide, and stock of the gun involved in this case. The towel was both inculpatory and exculpatory evidence. Peter Underwood had threatened suicide multiple times that day via text messages, suicide note, and verbally. Petitioner has maintained that she was trying to stop him from fatally harming himself. Gunshot residue concentration can be tested to determine/ differentiate if a person had pulled the trigger, or merely touched the gun. The falsified report was presented to the Grand Jury for the purposes of obtaining an indictment; only 2 hours after Petitioner was "No True Bill" (ed).
>
> **Ground Two**: Deputy Brian Godsey (Montgomery County Sheriff's Dept.) falsified a police report that was material to the Petitioner. This violated the Petitioner's 5th and 14th Amendment right to Due Process, her 6th Amendment right to a fair trial, her right to compulsory process, and her 6th Amendment right to present a full defense.
>
> **Supporting Facts:** Deputy Brian Godsey falsely stated that, "A Harrison Township Medic gave her saline and a towel." Deputy Godsey's body microphone clearly shows that he told me to hang my hands out, and he washed them off with saline, and handed me

a towel. Footage from Deputy Schaeublin's cruiser camera shows medics walking out of the house, getting in their ambulance and driving away. They never approached the cruiser Ms. Grieco was in.

**Ground Three**: Trial Counsel was ineffective for allowing a false report, and questionable evidence to be used to leverage a legal proceeding; the results of which was unfavorable to his client. This violated the Petitioner's 5th and 14th Amendment right to Due Process, her 6th Amendment right to effective counsel, and a fair trial.

**Supporting Facts:** Trial counsel Marshall Lachman, became aware of the fact the report from Deputy Godsey was falsified; once he received a copy of the transcript. The transcript was attached to the Judge's decision overruling Ms. Grieco's Motion to Suppress statements. Ms. Grieco also pointed it out to Mr. Lachman; yet he did nothing. Marshall abandoned advocacy for his client over state interests.

**Ground Four**: The misconduct and misrepresentation, as well as impermissible conduct by State agents resulted in an involuntary, and unknowing guilty plea; which was not a valid plea, as it rested upon a faulty premise. This makes the plea and sentence void and unenforceable. This violated Petitioner's 4th Amendment right for her person to be safe from unreasonable seizure, her 5th + 14th Amendment right to Due Process, her 6th Amendment right to a fair trial, a full defense, and 8th Amendment protection against cruel and unusual punishment.

**Supporting Facts:** Deputy Godsey tampered evidence, didn't submit said evidence, then falsified her report to cover up her actions. The prosecution submitted the falsified report to the Grand Jury, and the other evidence that Deputy Godsey gathered after the original tampering occurred. Judge Langer's signature is on the ruling that contained the proof of misconduct (Exhibit B). Prosecutors, and defense counsel received copies of that ruling (Exhibit B). Yet, they continued to perpetuate these falsehoods upon the court.

**Ground Five**: Deputy Godsey failed to submit crucial evidence, in violation of Petitioner's 5th and 14th Amendment right to Due Process, and her 6th Amendment right to a fair trial and a full defense.

**Supporting Facts:** Deputy Godsey washed petitioners hands off, and then never submitted the towel as evidence. This was crucial

evidence, as petitioner was accused of shooting her fiancé. An evidence technician was on scene when Deputy Godsey did this. Ms. Grieco's touch DNA was excluded from the gun in this case (Exhibit A). Deputy Godsey's actions were a violation of Federal law, Constitution, and state law. Had that evidence been preserved it could have been tested for Gun Shot Residue; as Ms. Grieco's hands were never tested. Deputy Godsey prevented Ms. Grieco's ability to use this evidence in her defense.

**Ground Six**: The Appellate Court improperly determined that Deputy Godsey's falsified police report was not of the record for Petitioner's case, before her Direct Appeal was filed. This violated Ms. Grieco's 5th + 14th Amendment right to due process, and her 6th Amendment right to a fair trial. (Exhibit K).

**Supporting Facts:** The Court of Appeals for the Second District claimed (in their ruling) that Deputy Godsey's falsified report was not filed before my Direct Appeal was filed. This is blatantly false, as the report was filed by the prosecution on April 27, 2017 (Exhibit K), as part of State's discovery.

**Ground Seven**: Petitioner's indictment was obtained by illegal means, making the proceedings plea and sentence a nullity; in violation of Ms. Grieco's 4th, 5th, 6th, and 14th Amendment rights.

**Supporting Facts:** The police committed misconduct, and violated State, and federal law in the collection of evidence in this case. Evidence was tampered, and never submitted. Police reports were falsified. Prosecutors submitted falsified report (s), and evidence gathered by the same Deputy (Brian Godsey); who tampered evidence at the beginning of the investigation of this case. The indictment in this case is invalid. The plea in this case is not a valid plea.

**Ground Eight**: Ms. Grieco's right to assist in her defense, effective assistance of counsel, presumption of innocence, and due process were violated by the excessive bond imposed upon her by the trial court (1 million dollars, cash only). This violated Petitioner's 6th Amendment right to a fair trial + present a full defense, her 5th and 14th Amendment right to due process; and her 8th Amendment right against excessive bail.

**Supporting Facts:** Ms. Grieco's original bond was $500,000 cash or surety. After receiving a No True Bill she was indicted by the same Grand Jury on lesser charges (Involuntary Manslaughter, Reckless Homicide, + Reckless Domestic Violence all w/ gun

5

spec.); yet her bond inexplicably doubled to $1,000,000 case, no surety. This was done to keep Ms. Grieco incarcerated, to ensure that she could not expose the misconduct in every level of her criminal case, and to make Ms. Grieco look inherently guilty.

**Ground Nine**: Prosecutors presented all evidence gathered by Deputy Godsey, that he had collected after the original evidence tampering had occurred. This inadmissible evidence was submitted to the Grand Jury for the purposes of obtaining an indictment, and was leveraged against petitioner throughout the duration of her case. This violated petitioner's 5th + 14th Amendment right to due process, and her 6th Amendment right to a fair trial; and resulted in an unknowing involuntary plea.

**Supporting Facts:** Falsified report, questionable evidence, lies, misconduct were perpetuated upon the Court to obtain an indictment, and leverage this case, resulting in an involuntary plea.

**Ground Ten:** Ms. Grieco's was denied Due process in her appeal. She was denied fair opportunity to present all issues, and denied fair review by the court. This violated petitioner's 5th, 6th, and 14th Amendment rights to Due process, fair trial, to present a complete defense, and equal protection of the law.

**Supporting Facts:** The Appellate Court falsely determined that Deputy Godsey's falsified report was not filed, before petitioner's Direct Appeal was filed. It was filed April 27th, 2017 (Exhibit K). The Appellate Court (in their decision) then stated, "That even if the falsified report had been of the record, it would not matter. This is an unreasonable determination of the facts, per State Supreme Court precedent.

**Ground Eleven:** The lower Court issued a ruling that was not made according to the law, when it accepted a guilty plea in this case. The court had a responsibility to check the validity of the reports, that the Court could see were false. This denied the petitioner of any meaningful defense. The court was aware of the report, etc., and that those documents resulted in the indictment of petitioner; resulting in a manifest miscarriage of justice. This violated petitioner's 5th, 6th, 8th, and 14th Amendment rights to due process, fair trial, cruel and unusual punishment, and equal protection.

**Supporting Facts:** The Judge's signature is on the ruling that had the transcripts from Deputy Godsey's body microphone, showing the evidence tampering. Judge Langer claimed he had reviewed said transcript evidence, before issuing her ruling (Motion to Suppress

> Statements). The falsified police report was of the record. This
> means that Judge Langer knew, the prosecutors knew, and my
> lawyer knew. They allowed the case to move forward, against State
> law + the Constitution.

(Petition, ECF No. 4, PageID 96-120).

# Analysis

## Claims Waived by Guilty Plea (Grounds One, Two, Three, Four, Five, Eight, Nine, and Eleven)

As noted above in the Litigation History, Grieco pleaded guilty to domestic violence (reckless/serious physical harm – one prior conviction) (Count 1) and involuntary manslaughter (Count 2). Respondent argues that the guilty plea waives any claim relating to constitutional error that occurred before the plea and expressly claims that this relates to Grounds for Relief One, Two, Three, Four, Five, Seven, Eight, and Nine (Return, ECF No. 27, PageID 1026, *et seq.*).

As to Grounds One, Five, Seven, and Nine, Petitioner claims that because her guilty plea was involuntary, she has not waived these claims (Traverse, ECF No. 33, PageID 1347). She asserts that the police "failed to turn in crucial evidence and falsified a report to cover it up." *Id.* She asserts the prosecution then used the falsified report and other evidence that had been tampered with to proceed. *Id.* She claims Deputy Godsey "got rid of" the towel used to clean Petitioner's hands. *Id.* She asserts no gun shot residue test was done on her hands and her "touch DNA" was excluded from the gun in this case by a laboratory report she identifies as attached to the Petition. *Id.* at PageID 1349-50.

A valid, unconditional guilty plea waives all "constitutional violations occurring prior to a plea of guilty once the defendant enters his plea," including a challenge to the evidence supporting a conviction and any pre-plea constitutional violations, unless expressly preserved in a plea agreement or at a plea hearing. *United States v. Lalonde*, 509 F.3d 750, 757 (6th Cir. 2007); *see*

*also Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

A guilty or no contest plea renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt. *Menna v. New York,* 423 U.S. 61 (1975). "[A] voluntary and unconditional guilty plea 'bars any subsequent non-jurisdictional attack on the conviction.'" *United States v. Corp*, 668 F.3d 379, 384 (6th Cir. 2012), citing *United States v. Martin*, 526 F.3d 926, 932 (2008), citing *United States v. Pickett*, 941 F.2d 411, 416 (6th Cir. 1991).

After entry of an unconditional guilty plea, the defendant may challenge only the court's jurisdiction and the voluntary and intelligent nature of the plea itself. *United States v. Ferguson*, 669 F.3d 756, 763 (6th Cir. 2012), citing *United States v. Kirksey*, 118 F.3d 1113, 1115 (6th Cir. 1997). A guilty plea constitutes a break in the chain of events leading up to it. *Tollett v. Henderson*, 411 U.S. 258 (1973). Federal habeas corpus review of claims raised by a petitioner who has entered a guilty plea is limited to "the nature of the advice and the voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity." *Tollett*, 411 U.S. at 266. A guilty plea bars a defendant from raising in federal habeas corpus such claims as the defendant's right to trial and the right to test the state's case against him. *McMann v. Richardson*, 397 U.S. 759 (1970); *McCarthy v. United States*, 394 U.S. 459, 466 (1969). "[T]he representations of the defendant, his [or her] lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations made in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).

Petitioner entered her guilty plea October 22, 2018 (Waiver and Entry, State Court Record, ECF No. 26, Exs. 21 and 22). In signing the Waiver and Plea, Grieco represented that

> My plea is voluntary. No coercion, force or threats have been used
> to induce my plea.

8

> No promises were made to me to induce my plea.
>
> This plea was a negotiated plea and the entire underlying agreement upon which the plea is based has been stated on the record in open Court.

*Id.* This language appears immediately above Petitioner's signature.

The transcript of the plea colloquy is in the State Court Record, ECF No. 35, PageID 1273-89.  Judge Langer recites that the State has agreed to accept Ms. Grieco's offer to plead guilty to domestic violence and involuntary manslaughter with the reckless homicide charge and all three firearm specifications dismissed. *Id.* at PageID 1274.  The parties also agreed the remaining counts would be merged under Ohio Revised Code § 2941.25 and Petitioner would be sentenced only on the involuntary manslaughter charge. *Id.* Because conviction on any one of the firearm specifications would have required the court to impose a mandatory consecutive three-year term of imprisonment, Petitioner received considerable benefit from the plea agreement; without the firearm specifications, the remaining counts were probationable.

Ms. Grieco represented that she understood the nature of the charges and the possible penalties.  She admitted that she was guilty of both charges. *Id.* at PageID 1280.  Judge Langer advised her that by pleading guilty she was giving up the right to appeal any of his pre-trial rulings. *Id.* at PageID 1283.  Ms. Grieco signed the plea form in open court and represented she had no questions about what was on it. *Id.* at PageID 1286.  She then pleaded guilty and represented that doing so was her voluntary act and no one, including Attorney Lachman, was pressuring her into pleading guilty. *Id.* at PageID 1287.  Judge Langer then found that the guilty pleas were knowing, intelligent, and voluntary. *Id.* Petitioner has never made an attempt to withdraw those guilty pleas in the Common Pleas Court.

On appeal to the Second District Court of Appeals, represented by new appointed counsel,

Petitioner's only claim relating to the voluntariness of her plea was that she was coerced into making it by Judge Langer's refusal to appoint new trial counsel (Appellant's Brief, State Court Record, ECF No. 26, Ex. 33, PageID 417). The Second District recited the claims Grieco had made in the hearing for new counsel before Judge Langer and found that they did not warrant appointment of new counsel. *State v. Grieco, supra*, ¶¶ 6-12.

Appealing *pro se* to the Supreme Court of Ohio, Grieco changed the basis of her involuntariness argument, asserting

> Appellant['Js plea of guilty was not voluntary or knowing, due to the misrepresentation and Impermissible conduct by state agents, in obtaining said plea. The trial Court also violated Ms. Grieco's 14th Amendment U.S. Constitutional Rights when it accepted Ms. Grieco's involuntary guilty plea, as the Trial Court was aware of the Ohio law violations, Constitutional violations, police misconduct, and prosecutorial misconduct, involved in Ms. Grieco's criminal case.

(Memorandum in Support of Jurisdiction, State Court Record, ECF No. 26, PageID 482). This is essentially the involuntariness claim she makes here, with specification of a great deal of detail.

The Supreme Court of Ohio will not consider an argument or claim not made in the court of appeals. *State v. Phillips*, 27 Ohio St.2d 294 (1971). Because the involuntariness claim made to the Supreme Court was entirely different from the one made to the Second District, the involuntariness claim she makes here is procedurally defaulted for failure to fairly present it to the state courts, i.e., by failure to raise it in the Second District.

On October 11, 2019, prior to her appeal to the Supreme Court of Ohio, Grieco filed a petition for post-conviction relief under Ohio Revised Code § 2953.21 (State Court Record. ECF No. 26, Ex. 44). In it she claimed she received ineffective assistance of trial counsel when her trial attorney, Marshal Lachman, ignored the evidence tampering by Deputy Godsey. *Id.* at PageID 523. She also complained of *Brady* violations by the prosecutors. However, the Petition makes it

10

clear she knew of the relevant facts before pleading guilty, i.e., at the time Judge Langer overruled her motion to suppress.

In denying Grieco's post-conviction petition, Judge Montgomery[1] found that the portion of Grieco's claim of ineffective assistance of trial counsel relied on in this habeas case was barred by *res judicata* because it could have been raised and decided on direct appeal without material external to the appellate record (Decision, State Court Record, ECF No. 26, Ex. 51, PageID 587).

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). "Absent cause and prejudice, 'a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.'" *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000), quoting *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87.

> [A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural

_____

[1] By the time the post-conviction petition reached decision, Mary Montgomery had succeeded Dennis Langer as the Common Pleas Judge assigned to this case.

11

> rule. E.g., *Beard v. Kindler*, 558 U.S. 53, 55, 130 S.Ct. 612, 175
> L.Ed.2d 417 (2009). This is an important "corollary" to the
> exhaustion requirement. *Dretke v. Haley*, 541 U.S. 386, 392, 124
> S.Ct. 1847, 158 L.Ed. d 659 (2004). "Just as in those cases in which
> a state prisoner fails to exhaust state remedies, a habeas petitioner
> who has failed to meet the State's procedural requirements for
> presenting his federal claims has deprived the state courts of an
> opportunity to address" the merits of "those claims in the first
> instance." *Coleman* [*v. Thompson*], 501 U.S. [722,] 731-732, 111
> S.Ct. 2546, 115 L.Ed.2d 640 [(1991)]. The procedural default
> doctrine thus advances the same comity, finality, and federalism
> interests advanced by the exhaustion doctrine. See *McCleskey v.*
> *Zant*, 499 U.S. 467, 493, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

*Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017). "[A] federal court may not review federal claims

that were procedurally defaulted in state courts." *Theriot v. Vashaw*, 982 F.3d 999 (6th Cir. 2020),

citing *Maslonka v. Hoffner*, 900 F.3d 269, 276 (6th Cir. 2018) (alteration in original) (quoting

*Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017)).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a

habeas claim is precluded by procedural default*. Barton v. Warden, S. Ohio Corr. Facility,* 786

F.3d 450, 464 (6th Cir. 2015), *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*);

*Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th

Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261

F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule
> that is applicable to the petitioner's claim and that the petitioner
> failed to comply with the rule.
>                   . . . .
> Second, the court must decide whether the state courts actually
> enforced the state procedural sanction, citing *County Court of Ulster*
> *County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777
> (1979).

> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley,* 492 F.3d 347, 357

(6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002).

Ohio has a relevant procedural rule, its doctrine of *res judicata* in criminal cases,

enunciated in *State v. Perry,* 10 Ohio St. 2d 175 (1967). The Sixth Circuit has repeatedly held the

*Perry* rule is an adequate and independent state ground of decision. *Durr v. Mitchell*, 487 F.3d

423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268

F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17

F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899,

913 (S.D. Ohio 2001 The Ohio courts have consistently enforced the rule. *State v. Cole*, 2 Ohio

St. 3d 112 (1982); *State v. Ishmail*, 67 Ohio St. 2d 16 (1981).

Grieco procedurally defaulted the involuntariness claim she makes here to excuse her

waiver of claims by pleading guilty, first by not raising the claim on direct appeal and also by not

basing it on facts outside the appellate record in her petition for post-conviction relief. This Court

cannot reach the merits of claims forfeited by the guilty plea. That includes Grounds for Relief

One (prosecutorial misconduct), Ground Two (falsification of evidence), Ground Three

(ineffective assistance of trial counsel), Ground Four (prosecutorial misconduct forcing invalid

plea), Ground Five (failure to preserve evidence), Ground Eight (excessive bond), Ground Nine

(prosecutorial misconduct), and Ground Eleven (trial court acceptance of plea without checking

evidence).  These Grounds for Relief should be dismissed as waived by Grieco's guilty plea.

**Grounds Six:  Violation of Due Process by Appellate Court Misinterpretation of the Record**

In her Sixth Ground for Relief, Grieco claims she was denied due process and a fair trial when the Second District "improperly determined that Deputy Godsey's falsified police report was not of the record for Petitioner's case, before her Direct Appeal was filed."  (Petition, ECF No. 4, PageID 109).  Grieco claims this finding is "blatantly false" because "the [falsified] report was filed by the prosecution on April 27, 2017 (Exhibit K) as part of State's discovery."

The Petition misrepresents the holding of the Second District.  The question of the Godsey report was before the Second District on Grieco's appeal from denial of her post-conviction petition.  The Second District held:

> {¶ 41} While Grieco insists that Godsey's report and the scene log were attached to her petition, the record demonstrates that neither document was attached thereto; however, as noted above, the documents were attached to Grieco's motion for expert assistance, which was filed at the same time as Grieco's petition. But even if we consider the improperly submitted documents, Grieco's assigned errors fail.

*State v. Grieco,* 2021-Ohio-735 (2nd Dist. Mar. 12, 2021).  Grieco's Petition for Post-Conviction Relief is in the record here at Ex. 44 in the State Court Record (ECF No. 26).  There is no Exhibit K attached, but only Grieco's Affidavit of indigency.  There is also no Exhibit K attached to the Habeas Corpus Petition in this Court.

As Grieco has stated this Ground for Relief, her claim is that Godsey's report was of record because it was produced in discovery in the Common Pleas Court before she pleaded guilty. Assuming that is true, it would be immaterial to the post-conviction petition which requires that

the material on which claims rest must be attached to the post-conviction petition; it is not sufficient that it was at some earlier point in time made part of the trial court record.  Furthermore, producing a document in discovery does not make it part of the record on appeal.  There was no trial here, so the report was not introduced in evidence at trial.  It was introduced in the motion to suppress hearing, but Grieco waived her right to appeal the suppression decision, as Judge Langer advised her when he took her plea.

Even if we assume the factual correctness of Grieco's Sixth Ground for Relief, however, it would not entitle her to habeas corpus relief.  Federal habeas corpus is available only to correct federal constitutional violations.  28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983).  "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar, J. concurring).

There is no federal constitutional right to appeal denial of a state court post-conviction decision.  *McKane v. Durston*, 153 U.S. 684 (1894), cited as still good law in *Lopez v. Wilson,* 426 F.3d 339, 355 (6th Cir. 2005); *Halbert v. Michigan*, 545 U.S. 605 (2005).  "Due process does not require a State to provide appellate process at all." *Goeke v. Branch*, 514 U.S. 115, 120 (1995).  It follows that if a State does provide an appeal of a post-conviction decision, it is not required to provide a perfect appeal.  To put it another way, a state appellate court's misinterpretation of the extent of the record in a post-conviction proceeding, if that is what happened here, does not violate

due process.

Therefore Grieco's Sixth Ground for Relief should be dismissed for failure to state a claim upon which habeas corpus relief can be granted.


**Ground Seven:  Invalid Indictment because of Police Misconduct in Collecting Evidence**


There is no federal constitutional right to indictment by a grand jury in a state criminal prosecution.  The Grand Jury Clause of the Fifth Amendment is not applicable to the States. *Hurtado v. California*, 110 U.S. 516 (1884); *Branzburg v. Hayes,* 408 U.S. 665, 687-88 n. 25 (1972); *Gerstein v. Pugh,* 420 U.S. 103 (1975); *Williams v. Haviland*, 467 F.3d 527 (6th Cir. 2006)(*Apprendi* does not change this result).  "[T]here is no constitutional right in a state prosecution to a grand jury indictment with particular specificity."  *Id.*  at 534, citing *Rose v. Mitchell*, 443 U.S. 545, 557, n. 7 (1979).  "Due process mandates only that the indictment provide the defendant with 'fair notice of the charges against him to permit adequate preparation of his defense.'" *Williams* at 535, quoting *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984).

Of course the State cannot introduce at trial evidence that has been obtained by violating a defendant's Fourth Amendment right to be secure from unreasonable searches or Fifth Amendment right not to be compelled to testify against oneself.  *Mapp v. Ohio*, 367 U.S. 643 (1961); *Malloy v. Hogan,* 378 U.S. 1 (1964).  But the *Mapp* exclusionary rule applies at trial, not at the grand jury stage.  And to the extent Grieco claims the evidence used against her was obtained in violation of her rights, Ohio provides a procedure to test those questions by way of a motion to suppress.  As Judge Langer advised Grieco at the time of her plea, her voluntary guilty plea waived the right to challenge his pre-trial rulings on appeal.

Ground for Relief Seven should therefore be dismissed for failure to state a claim upon which habeas corpus relief can be granted.

**Ground Ten:  Denial of Due Process on Appeal**

In her Tenth Ground for Relief, Grieco complains that she was denied due process and equal protection on appeal.  The Supporting Facts for this Ground for Relief rely on the same facts pleaded for Ground Six and the due process portion of this Ground should be dismissed on the same basis as Ground Six.

Grieco's equal protection claim is completely conclusory:  it does not compare treatment of her appeal with that of any other similarly-situated appellant and therefore fails to state a claim under the Equal Protection Clause.

Ground Ten should be dismissed for failure to state a claim on which habeas corpus relief can be granted.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that Petition be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

November 9, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #