# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JESSICA LYNN GRIECO,

        Petitioner,    :    Case No. 3:21-cv-193

  - vs -        District Judge Thomas M. Rose
        Magistrate Judge Michael R. Merz

TERI BALDAUF, Warden,
  Ohio Reformatory for Women,

            :

        Respondent.

## DECISION AND ORDER

This habeas corpus case is before the Court on Petitioner's post-judgment Motion to correct the record (ECF No. 44).

In the Motion Petitioner points to the following sentence in the Supporting Facts for her Fourth Ground for Relief: "Deputy Godsey tampered [with] evidence, didn't submit said evidence, then falsified **his** report to cover up **his** actions." (Petition, ECF No. 4, PageID 104, emphasis supplied).  In the Magistrate Judge's Report and Recommendations on the merits, that sentence is mistranscribed as "Deputy Godsey tampered [with] evidence, didn't submit said evidence, then falsified **her** report to cover up **her** actions." (Report, ECF No. 38, PageID 1367, emphasis supplied).

As the place in the Report where the error occurs, the Magistrate Judge was merely attempting to copy the Grounds for Relief as they were pleaded in the Petition.  In the case of a handwritten Petition such as the one in this case, the most efficient way to proceed is by copying

1

the Grounds for Relief as re-stated in the Warden's Return, rather than re-typing them. That is evidently what happened in this case because the sentence in question appears in the Return of Writ as "Deputy Godsey tampered evidence, didn't submit said evidence, then falsified **her** report to cover up **her** actions." (Return, ECF No. 27, PageID 1018). Thus the initial mistake was made in transcribing the Grounds for Relief from Petitioner's handwriting (which clearly says "his") into the Return; that mistake was compounded by the Magistrate Judge's failure to proofread what he copied and pasted against the original Petition. I apologize to Petitioner for the mistake.

The mistake had no impact on the analysis in the Report. Deputy Godsey was clearly understood by the Magistrate Judge to be a male. Nor did the Report have any impact on the outcome of the case. After the Report was filed, and before the District Judge acted on it, the Petitioner voluntarily dismissed her cases with prejudice (ECF Nos. 41-43).

Even though the error had no impact on the judgment, the Court has authority to correct this clerical mistake under Fed.R.Civ.P. 60(a). Accordingly, it is hereby ORDERED that the Report and Recommendations be amended to insert "Deputy Godsey tampered evidence, didn't submit said evidence, then falsified his report to cover up his actions" in place of "Deputy Godsey tampered evidence, didn't submit said evidence, then falsified her report to cover up her actions." (Report, ECF No. 38, PageID 1367).

Petitioner also asks that the Court correct the Report as it appears in the Lexis database. This is something the Court is without power or authority to do. Lexis (and Westlaw and the Government Printing Office) post whatever the Court files as a written opinion and therefore the database memorializes the mistake. However all three of those database services will also post this Decision and Order and link it electronically to the original.

IT IS SO ORDERED.

January 13, 2022.

s/ *Michael R. Merz*<br>United States Magistrate Judge